TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2017-SC-000117-KB

DATE 6/27/2017 Kim Redmon, DC

JAMIE L. TURNER                                                    MOVANT
KBA Member No. 93293


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## OPINION AND ORDER

Jamie L. Turner was admitted to the practice of law in October 2009. Turner's bar roster address is 212 West Eighth Street, Cincinnati, Ohio 45202, and her KBA number is 93293.

Pursuant to Supreme Court Rule (SCR) 3.675, Turner's license to practice law was suspended for failure to comply with continuing legal education (CLE) requirements on January 20, 2017. Turner filed a "Notice/Request for Appeal of Suspended License" on March 20, 2017 appealing that suspension. The Kentucky Bar Association (KBA) filed a response requesting that this Court require Turner "to go through the restoration process just like the other KBA former members who were suspended for failure to meet their . . . [CLE] licensure requirements." For the following reasons, we agree with the KBA and adopt its recommendation that

Turner should not be exempt from the restoration process set forth in the Supreme Court Rules.

## I. BACKGROUND.

The Director of Continuing Legal Education determined that Turner was deficient the entire twelve credits required for educational year 2015-2016 and 0.75 ethics credits for educational year 2014-2015. Because of Turner's deficiency, the Director sent correspondence and email notices to Turner. Additionally, CLE department staff spoke with Turner several times when she called seeking additional time to request an extension. Despite being granted an extension for the 2014-2015 educational year, Turner did not cure that deficiency.

In November 2016, Turner called the KBA to discuss her 2015-2016 year deficiency and was told that she would be certified as non-compliant if she could not show some hardship or report timely earned credits. When Turner failed to do either, the KBA issued a show-cause notice requiring Turner to explain her failure to comply. Turner did not respond; therefore, the KBA suspended Turner on January 20, 2017. The notice of suspension advised Turner that she could seek reinstatement pursuant to SCR 3.500 or that she could appeal her suspension within 30 days. Turner did not timely file her appeal but did seek an extension to do so, which this Court granted.

On March 20, 2017, Turner filed the above mentioned Notice/Request for Appeal of Suspended License. In her Notice and an attached affidavit, Turner states that she attended two three-day conferences in February 2015 and

2

February 2016, which should have earned her 11.5 hours of CLE credit for each year. However, for reasons Turner cannot explain, those hours were not reported to the KBA. Turner states that she did not realize that the hours had not been reported until she received the notice of suspension. According to Turner, she did not open any mail from the KBA because she believed it was regarding her bar dues, not CLE. When she became aware of the deficiency, Turner took an online CLE course and attended a webcast, which provided a combined 18 hours of credit. She also stated that she was in the process of applying for approval of the credits she earned in February 2016 and that, once approved, she will be in compliance.

## II. ANALYSIS.

SCR 3.645(1) provides that "every person licensed to practice law in this Commonwealth . . . shall complete and certify a minimum of 12 credit hours in continuing legal education activities . . . including a minimum of 2 credit hours devoted to 'ethics, professional responsibility and professionalism'" during "[e]ach educational year." There is no dispute that Turner failed to meet the preceding requirements during the 2014-2015 and 2015-2016 educational years. The only dispute is whether Turner should be relieved from complying with the restoration requirements of SCR 3.500. Turner argues that she should be excused from compliance because she inadvertently failed to realize she was deficient until November 2016. The KBA argues that this excuse lacks merit because its personnel made numerous attempts to contact Turner by mail and email and there were multiple telephone calls to and from Turner

3

regarding her deficiencies. The KBA also notes Turner's failure to respond to the show-cause notice, her dilatoriness in filing her appeal, and her failure to make any attempt to comply with the restoration requirements of SCR 3.500 negate Turner's argument.

We agree with the KBA that Turner has not provided a sufficient basis to relieve her from the suspension and the requirements of SCR 3.500. The KBA provided more than sufficient notice to Turner of her deficiency, and she has offered no viable excuse for ignoring that notice. Therefore, Turner's suspension shall remain in effect until such time as she complies with SCR 3.500.

ACCORDINGLY, IT IS ORDERED THAT:

Jamie L. Turner's Notice/Request for Appeal of Suspended License is denied, and she shall remain suspended pursuant to the KBA's January 20, 2017 Notice of Suspension until such time as she complies with the appropriate restoration provisions of SCR 3.500.

All sitting. All concur.

ENTERED: June 15, 2017.

CHIEF JUSTICE

4